# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH WOHLTMAN, <br><br> Plaintiff, <br> vs. <br><br> SIEMENS GENERATION SERVICES, et al., <br><br> Defendants. | CASE NO. 10CV2549 DMS (WVG) <br><br> **ORDER RE: DEFENDANTS' MOTION TO DISMISS COMPLAINT** |

Pending before the Court is Defendants' motion to dismiss Plaintiff's Complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), improper venue pursuant to Rule 12(b)(3) and 42 U.S.C. § 2000e-5(f)(3), improper service pursuant to Rule12(b)(5), and failure to state a claim pursuant to Rule 12(b)(6).

## I.
## BACKGROUND

Plaintiff alleges she was subjected to sexual harassment and gender discrimination while employed as a millwright working for Defendant Siemens Generation Services ("SGS"). On December 13, 2010, Plaintiff filed a Complaint in this Court. (Doc. 1.) In the Complaint, Plaintiff states ten claims for relief: (1) sexual harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), (2) gender discrimination in violation of Title VII, (3) retaliation in violation of Title VII, (4) assault, (5) battery, (6) intentional or reckless infliction of emotional distress, (7)

negligent infliction of emotional distress, (8) negligent and/or wanton supervision, training, and retention, (9) negligent and/or wanton hiring, and (10) respondeat superior liability. (Doc. 1.) On March 22, 2011, Defendants SGS, Michael McCormick, and Steve Cooper filed the instant motion to dismiss. (Doc. 11.) Plaintiff filed an opposition and Defendants filed a reply. (Docs. 23-24.)

## II.

## DISCUSSION

The Court first addresses Defendants' motion to dismiss for improper venue pursuant to Rule 12(b)(3) and 42 U.S.C. § 2000e-5(f)(3).

**A.   Legal Standard**

In general, venue is proper in any judicial district where any defendant resides, if all defendants reside in the same state, or in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). For venue purposes, a corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and in states such as California that have more than one judicial district, a corporation is deemed to reside in any district in the state within which its contacts would be sufficient to subject it to personal jurisdiction if the district were a separate state. 28 U.S.C. § 1391(c). However, actions arising under Title VII are additionally subject to the special venue provisions of 42 U.S.C. § 2000e-5(f)(3). *See Johnson v. Payless Drug Stores NW, Inc.*, 950 F.2d 586, 587-88 (9th Cir. 1991); see also *Berry v. Potter*, No. CIV 04-2922 PHX RCB, 2006 WL 335841, at *2 (D. Ariz. Feb. 10, 2006)("The appropriate venue for Plaintiff's Title VII claim must be determined based on 42 U.S.C. § 2000e-5(f)(3), not 28 U.S.C. § 1391(e). This is because the general venue statute . . . is only operative 'except as otherwise provided by law,' and 42 U.S.C. § 2000e-5(f)(3) provides otherwise for Title VII claims.").

Section 2000e-5(f)(3) provides that Title VII actions may be brought "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). The section also provides that,

1  "if the respondent is not found within any such district, such an action may be brought within the
2  judicial district in which the respondent has his principal office." *Id*. "Analysis under Rule 12(b)(3)
3  . . . permits the district court to consider facts outside of the pleadings." *Argueta v. Banco Mexicano,*
4  *S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

**B.     Discussion**

Section 2000e-5(f)(3) sets forth the judicial districts in which venue is proper for actions stating claims for violation of Title VII. The first prong of § 2000e-5(f) provides that Title VII actions may be brought in any judicial district in the state in which the unlawful employment practice is alleged to have been committed. "The Ninth Circuit has construed the venue provision to hold that 'venue is proper in both the forum where the employment decision is made and the forum in which that decision is implemented or its effects are felt.'" *Ellis v. Costco Wholesale Corp.*, 372 F. Supp. 2d 530, 536 (N.D. Cal. 2005)(quoting *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 506 (9th Cir. 2000)). Plaintiff alleges she suffered sexual harassment, gender discrimination, and retaliation in violation of Title VII while working for Defendant SGS in Nevada, Georgia, Texas, and Puerto Rico. (Complaint ¶¶ 17, 35, 45, 62, 96.) Plaintiff does not allege any conduct in violation of Title VII that occurred within or had any direct connection to the State of California.

The second prong of § 2000e-5(f)(3) provides that an action for violation of Title VII may be brought in the judicial district in which the employment records relevant to the alleged unlawful employment practices are maintained and administered. Defendants make an uncontested assertion that, because SGS has no permanent offices, assets, or employees in California, they do not maintain or administer "any employment records–much less employment records relevant to the alleged unlawful employment practices," in California. (Mot. to Dismiss at 13.) Plaintiff does not submit any evidence to the contrary.

The third prong of § 2000e-5(f)(3) provides that an action for violation of Title VII may be brought in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. Plaintiff asserts that she "resides in California and would have worked, for Siemens, in California, absent the violations of Federal and State law," and that "Plaintiff has been barred from working anywhere for SGS including her local working area." (Opp'n. at 4.)

All parties agree that an incident on October 10, 2009 led directly to the termination of Plaintiff's employment with SGS. Plaintiff asserts that she "effected a constructive discharge on October 10, 2009 after being subjected to an extremely hostile work environment at Comanche Peak Nuclear Generating Station in Glen Rose, Texas." (Complaint ¶ 96). Plaintiff further states that SGS sent correspondence dated December 22, 2009 and February 16, 2010 to union representatives in Savannah and Kennesaw, Georgia explaining why Plaintiff was not to be referred to any SGS jobs until after April 10, 2010: (1) unreported absence of three consecutive workdays, and (2) a "quit" at the Comanche Peak outage. (Opp'n. Exs. C, D.) In the same letters, SGS stated Plaintiff would be considered for "reemployment" after April 10, 2010. (Opp'n. Ex. C.) Plaintiff does not contest the assertion that her suspension was based on her conduct and she does not state a claim for wrongful termination. Likewise, Defendants do not contest Plaintiff's assertion that her conduct on October 10, 2009 was a result of the alleged unlawful employment practices. Based on the assertions of the parties, violations of Title VII may have been the "but for" cause of Plaintiff's decision to effect discharge on October 10, 2009. Accordingly, it is plausible that, but for the alleged sexual harassment and gender discrimination, Plaintiff would be working for SGS. However, it is not possible to conclude from the evidence submitted to the Court that Plaintiff would in fact be working for SGS in the Southern District of California but for the alleged violations of Title VII.

Plaintiff further argues she "would have been eligible and would have worked for Siemens absent SGS's retaliation in Local 1607's jurisdiction, which includes San Diego County." (Opp'n. at 4.) Plaintiff asserts she is now a member of Local Union 1607 and is therefore eligible for work in San Diego County. She further asserts that SGS has an obligation under its agreement with the International Brotherhood of Carpenters and Millwights "to hire 50% of its workforce from the local union hall." (*Id.*) As stated above, after Plaintiff's discharge on October 10, 2009, SGS imposed a restriction on Plaintiff's work with the company until April 10, 2010. The period of restriction has ended and Plaintiff has not yet been rehired to work for Defendant SGS. If Plaintiff's failure to be rehired by SGS in San Diego was due to retaliation in violation of Title VII, this would be sufficient to establish that the Southern District of California is a district in which Plaintiff would have worked but for the alleged unlawful employment practices. However, Plaintiff has failed to provide sufficient

factual matter to support any claim that her current failure to be employed by SGS in San Diego County is due to retaliation by SGS in violation of Title VII. It is therefore not possible for the Court to conclude that, but for the alleged unlawful employment practices, Plaintiff would work for Defendant SGS in this district.

Plaintiff further cites elicit offers for employment in California from Craft Labor Supervisors to argue that, but for the unlawful employment practices, she would work in California. Plaintiff asserts she "was offered work by SGS's Craft Labor Supervisor Barry Barrington in California and New Mexico in his efforts to receive sexual favors from Plaintiff." (Opp'n. p. 4). She further asserts "SGS's Craft Labor Supervisor Tim Deskin's [sic] offered to take Plaintiff [to] all of his future work assignments in exchange for sexual favors. CLS Deskins works in California," and "SGS's Craft Labor Supervisor Dan Stemple offered to take Plaintiff on all future work assignments if she would not inform the head office of his numerous lewd text messages asking for photos of Plaintiff and asking Plaintiff if she likes nylons. CLS Stemple works in California." (*Id*. at 4-5.) However, Plaintiff fails to provide any evidence that the individuals in question work or have worked within the Southern District of California. In contrast, Defendants submit the Declaration of Michael McCormick stating that Barrington, Deskins, and Stemple have never been employed by SGS in this district and that, once a Craft Labor Supervisor is assigned to a project, only about half of their requests to work with a specific worker are granted. (McCormick Supp. Decl. ¶¶ 3-4.) Accordingly, there is insufficient evidence before the Court that, but for the alleged unlawful employment practices, Plaintiff would have worked in the Southern District of California.

Finally, § 2000e-5(f)(3) provides, if the respondent is not found within of the above-discussed districts, "such an action may be brought within the judicial district in which the respondent has his principal office." SGS is a Deleware corporation headquartered in Orlando, Florida. (Mot. to Dismiss at 1.) Accordingly, under § 2000e-5(f)(3), the Southern District of California is not a proper venue in which to bring the current action.[1]

---

[1] In her opposition, Plaintiff relies on *Gilbert v. General Electric Co.*, 347 F. Supp. 1058 (E.D. Va. 1972) and *Ashworth v. Eastern Airlines Inc.*, No. 74-0353-R, 1974 WL 321 (E.D. Va. Oct. 22, 1974) for the proposition that plaintiffs asserting violations of Title VII have wide latitude in selecting a venue in which to file their action. However, as Defendants point out in reply, unlike here,

**C.     Transfer**

Where a court determines that an action has been brought in an improper venue, it must either dismiss the case or transfer it "in the interest of justice" to a district in which it could have been brought. *See* 28 U.S.C. § 1406(a). Whether to dismiss or transfer venue is a matter within the sound discretion of the Court. Here, given the interest of justice, the Court determines that transfer of the instant action is appropriate. However, it is not readily apparent to which district the action should be transferred.[2] Accordingly, the parties shall file further briefing with the Court addressing the appropriate venue to which this action should be transferred.

## III.
## CONCLUSION

For foregoing reasons, the Court finds that the Southern District of California is the improper venue for this action. However, the Court determines transfer of the action to a proper venue is appropriate. Accordingly, the parties shall submit further briefing to the Court regarding the proper venue to which the action should be transferred within thirty days of entry of this Order.

**IT IS SO ORDERED.**

DATED: August 16, 2011

HON. DANA M. SABRAW
United States District Judge

---

those cases both involved nationwide class actions, which impacted the courts' reasoning regarding venue selection.

[2]     Pursuant to the provisions of § 2000e-5(f)(3), it appears that this action could have been brought in any district in the states of Nevada, Georgia, or Texas or in the District of Puerto Rico, or the Middle District of Florida.